UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STARDUST DINERS, INC. D/B/A COLONY DINER,**<br><br>**Defendant.** | Civil Action No. 21-CV-3122<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to those female employees who were subjected to them. As alleged with greater particularity in paragraphs 20 to 25 below, the U.S. Equal Employment Opportunity Commission (the "EEOC") alleges that Defendant Stardust Diners, Inc. d/b/a Colony Diner ("Defendant" or "Colony Diner") violated Title VII by discriminating against its female employees because of their sex, subjecting them to sexual and other sex-based harassment, thereby creating and maintaining a hostile work environment because of their sex. Furthermore, the EEOC alleges that for a number of women employed with Colony Diner, the hostile work environment resulted in their constructive discharge. Finally, the EEOC alleges that when female employees objected to or would not participate in the sexual or sex-based harassment, Colony Diner retaliated against them in that it subjected them to different terms and conditions of employment, including by intentionally assigning them to sections of the restaurant in which they would earn fewer tips.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1); Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation organized under the laws of the State of New York, doing business in the State of New York and the County of Nassau, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PREREQUISITES

6. More than thirty (30) days prior to the institution of this lawsuit, charging parties Erica O'Donnell and Donna Orellana filed two charges of discrimination (EEOC Charge Nos. 520-2016-01734 and 520-2016-01736) with the EEOC, alleging violations of Title VII by Colony Diner.

7. The EEOC investigated the charges.

8. On October 20, 2020, the EEOC issued a Letter of Determination for both charges to Defendant, finding reasonable cause to believe that Colony Diner violated Title VII as to the two charging parties and a class of similarly aggrieved female employees.

9. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate its unlawful practices and provide appropriate relief.

10. The EEOC engaged in communications with Defendant so as to provide it the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On February 3, 2021, the EEOC issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

14. At all relevant times, including since at least May 12, 2015, Defendant operated a diner located at 2019 Hempstead Turnpike in East Meadow, New York.

15. The Colony Diner is owned and operated by cousins, George Strifas and Thomas Strifas.

16. Generally, George Strifas managed the day shift and Thomas Strifas tended to manage the afternoon and evening shifts.

17. Colony Diner did not and does not have any written policy prohibiting sexual harassment or any other sex-based harassment.

18. Women of all ages have worked at Colony Diner, including women who were new to the workforce at 16 or 17 years of age.

19. The aggrieved individuals in this lawsuit are women who were or continue to be employed with Defendant as servers or hostesses between May 12, 2015 and the present.

20. Since at least May 12, 2015, Defendant engaged in unlawful employment practices at its East Meadow, New York location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting a class of female employees to a hostile work environment and to tangible employment actions, including constructive discharge or different terms and conditions of employment, because of their sex, female.

21. Specifically, Owner George Strifas subjected the women who work at Colony Diner to a hostile work environment based on sex. This includes, but is not limited to:

   a. regularly subjecting female employees to unwelcome, non-consensual physical touching including, but not limited to, grabbing their thighs, hips, buttocks, waist, back and shoulders and pushing his genital area into their buttocks;

   b. regularly asking women sexual questions such as whether they recently had sex, whether they had been "fucked too hard" and similar kinds of questions;

   c. regularly demeaning women by yelling at them, telling them only to answer him with "Yes, George," or "No, George," and telling customers, "She doesn't know what she is talking about" or similar words to the same effect, when male employees were not treated in this way;

   d. regularly stating that men were better employees than women because they were "more reliable;"

   e. regularly calling women "slobs," "lazy," and "fat," but not making these

4

      same remarks about male employees or customers;

    f. regularly telling the female servers and hostesses to wear tight clothing to work, as well as high heeled shoes and shirts that showed cleavage;

    g. regularly talking about sexual experiences, as well as announcing his sexual desires for female employees and female customers, including statements like he wanted to "fuck the shit" out of a female customer "while her husband watches" or words to that effect; and

    h. regularly remarking about the appearance of female customers to the female employees, including opining that a customer had "perfect breasts," a "great ass," or similar words to that effect.

22. Additionally, George Strifas, together with co-owner Thomas Strifas:

    a. made daily remarks of a sexual or derogatory nature about the appearance of female employees, including about their hair, makeup, clothing, body and weight, such as, "You look terrible," "You have a good body," "Her breasts are huge," "Her ass looks good in those pants," and similar remarks to the same effect;

    b. frequently invaded the personal space of female employees when speaking to them, despite not doing the same to male employees;

    c. explicitly announced that they wanted to have sex with certain female employees and customers; and

    d. regularly asked female employees about their personal lives, including by asking, "When was the last time you got lucky?," or "When was the last time you got it?" or similar words to that effect; whether they were

      married or dating anyone; whether they "got fucked up" last night; or whether they shaved their pubic hair.

23. Since at least May 12, 2015, owners George Strifas and Thomas Strifas also knew or should have known of the severe or pervasive acts of sexual harassment to which female employees were subjected by Colony Diner's male employees, but they did not take prompt and effective action to stop it. This includes, but is not limited to:

    a. Permitting, condoning, and failing to stop a busboy at Colony Diner from subjecting female employees to unwelcome verbal communications of a sexual nature and non-consensual physical touching.

        i. The non-consensual physical touching included but is not limited to, hugging them and/or putting his arm around their waists and shoulders, several times per shift. Despite witnessing female employees pull away from the busboy, tell the busboy stop, and physically push the busboy away, George and Thomas Strifas took no action to stop the conduct.

        ii. As a result, the harassment continued. The busboy continued to regularly grab other female employees as described above, but also initiated physical contact with their hips and by hugging them from behind.

        iii. The unwelcome verbal communications of a sexual nature took place multiple times per shift. These unwelcome verbal communications included comments about a female employee's body, appearance, and demands that she go out with him or come

        to his apartment. Thomas Strifas, and Peter Strifas, another manager at Colony Diner, heard and saw the busboy's behavior and even told him to leave the female employee alone once, but the words had no effect. The busboy's behavior has continued, at least, through February 2021.

    b. Permitting, condoning, and failing to stop a male server from making remarks about a female employee's appearance and her underwear, and touching the small of her back and shoulders at least three times a week. Despite witnessing the open and notorious physical contact, and the female employee's discomfort with it, George and Thomas Strifas took no action.

        i. The failure to take prompt remedial action led to the escalation of physical touching by the server, including grabbing the female employee's buttocks. Although she told the server to "stop," the server continued to grab her buttocks on at least three more occasions, and at least one of these further incidents was witnessed by Thomas Strifas, who then simply told the server in a disinterested tone of voice to "knock it off," or similar words to the same effect. Thomas Strifas never spoke to the female employee about the incident and took no further action.

        ii. The server did not stop his unwelcome, non-consensual behavior.

24. Since at least May 12, 2015, Defendant engaged in unlawful employment practices at its East Meadow, New York location, in violation of Section 704 of Title VII, 42

U.S.C. § 2000e-3(a), in retaliation for refusing to tolerate or participate in or for objecting to the sex-based harassment.

25. Specifically, when female employees objected to the unlawful behavior described herein or complained about it, George Strifas retaliated, for example, by changing their scheduled shifts and assigning them to the least lucrative sections of the restaurant in order to cause a reduction in tip earnings.

26. The unlawful employment practices complained of in paragraphs 20 through 25 were intentional.

27. The unlawful employment practices complained of in paragraphs 20 through 25 were done with malice or with reckless indifference to the federally protected rights of the women employed with Colony Diner.

28. The unlawful employment practices complained of in paragraphs 20 through 25 injured female employees and resulted in their harm and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex or retaliate for opposing any such discrimination.

B. Grant a permanent injunction enjoining Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with Defendant, from harassing its employees because of their sex.

C. Order Defendant to institute and carry out policies, practices and programs which provide

and ensure equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful practices;

D. Order Defendant to make the class of aggrieved female employees whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement;

E. Order Defendant to make the class of aggrieved female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

F. Order Defendant to make the class of aggrieved female employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

G. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in an amount to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and award the EEOC its costs in this action.

## **JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Date: June 2, 2021  
New York, New York

Respectfully Submitted,

GWENDOLYN YOUNG REAMS  
Acting General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
131 M. Street, N.E.  
Washington, D.C. 20507

JEFFREY BURSTEIN  
Regional Attorney

KIMBERLY CRUZ  
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
New York District Office  
33 Whitehall Street, Fl. 5  
New York, NY 10004

/s/ Kirsten Peters

KIRSTEN PETERS  
Trial Attorney  
NY ID 5788146

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
New York District Office  
33 Whitehall Street, Fl. 5  
New York, NY 10004  
(929) 506-5325  
kirsten.peters@eeoc.gov