# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
**(516) 328-8899**
**(516) 328-0082**

Author: Jamie S. Felsen - Member
Direct E-Mail Address: **jamie@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

August 2, 2021

**VIA ECF**

Eric N. Vitaliano, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1804

      *Re:*    **U.S. Equal Employment Opportunity Commission v.**
               **Stardust Diners, Inc. d/b/a Colony Diner**
               **Case No.: 2:21-CV-03122 (ENV) (ARL)**

Dear Judge Vitaliano:

      This firm represents Defendant, Stardust Diners, Inc. d/b/a Colony Diner (hereinafter "Defendant" or "Stardust") in the above referenced case. Defendant submits this letter, pursuant to this Court's Individual Practice Rules, to request a pre-motion conference regarding its anticipated motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").

      Plaintiff, U.S. Equal Employment Opportunity Commission (hereinafter "Plaintiff" or "EEOC"), brings this action against Defendant pursuant to §§706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3). However, the EEOC has failed to meet identify any female employees that Defendant discriminated against for which the EEOC can recover any relief warranting dismissal of the Complaint.

      "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." See Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013). A complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and must be dismissed if it fails to allege specific facts. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff, therefore, must provide the factual grounds of its claims and substantially more than a "formulaic recitation of the elements of a cause of action." See Twombly, 550 U.S. at 555. The complaint must establish that defendants have plausible, rather than merely possible, liability. See Iqbal, 556 U.S. at 680. A complaint that is implausible on its face must be dismissed. See Icebox-Scoops, Inc. v. Disney Enters., 520 Fed. Appx. 3, 4 (2d Cir. 2013).

      "[A]ny allegations brought pursuant to the EEOC's powers under §706 [of Title VII] must include sufficient facts to state a plausible claim for relief." EEOC v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 520-521, 2012 U.S. Dist. LEXIS 75597, *50-53, 115 Fair Empl. Prac. Cas. (BNA) 316, 2012 WL 1965685 (S.D. TX. May 31, 2012). Section 706 of Title VII authorizes

Eric N. Vitaliano, U.S.D.J.
United States District Court Eastern District of New York
August 2, 2021
P a g e | **2**

the EEOC to bring claims involving the rights of **aggrieved individuals** challenging an unlawful employment practice on an individual or class-wide basis. Id. (emphasis added). Allegations brought pursuant to §706 must include at least the identity of one presently identified victim within the class of aggrieved persons for whom the EEOC can obtain relief. See Id. (dismissing the EEOC's claims brought pursuant to §706 of Title VII because the EEOC failed to identify a single plaintiff and thus did not plead sufficient facts to state a retaliation claim.); EEOC v. 5042 Holdings Ltd., No. 3:09-CV-61, 2010 U.S. Dist. LEXIS 8242, 2010 WL 148085, at *2 (N.D. W.Va. Jan. 11, 2010); EEOC v. Man Mar, Inc., No. 09-60761-CIV, 2009 U.S. Dist. LEXIS 98345, 2009 WL 3462217, at *2 (S.D. Fla. Oct. 22, 2009) (finding pleading sufficient to meet 12(b)(6) when the EEOC alleged generally that it was seeking relief for a class of individuals **similarly situated to claimant**, and pleaded that the individuals were protected within the meaning of the ADA and were  subjected "to a hostile work environment because of age, including unwelcome ageist remarks, disparate terms and conditions of employment because of age, disparate discipline compared to a similarly situated younger employee, and termination and/or constructive discharge.); EEOC v. Family Dollar, Inc., No. 07 C 6996, 2008 U.S. Dist. LEXIS 18972, 2008 WL 687284, at *2 (N.D. Ill. March 12, 2008) ("While the EEOC has not provided an extended factual narrative, the allegations and factual statements in the complaint clearly put [defendant] on notice that the instant action is based on [defendant]'s alleged discrimination on the basis of skin color against **[the main plaintiff]** and other employees starting in 2005, all in violation of Title VII.") (emphasis added); EEOC v. Bloomberg L.P., 967 F.Supp.2d 802, 814 (S.D.N.Y. 2013) ("The Court is not aware of any binding legal authority, and the EEOC has provided none, that allows the EEOC to . . . level broad accusations of class-wide discrimination to present Bloomberg with a moving target of prospective plaintiffs and, after unsuccessfully pursuing pattern-or-practice claims, substitute its own investigation with the fruits of discovery to identify which members of the class, none of whom were discussed specifically during conciliation, might have legitimate individual claims under Section 706"); EEOC v. Propak Logistics, Inc., 746 F.3d 145, 153 (4th Cir. 2014) (affirming the district court's decision to award attorney's fees to the defendant in part because "the EEOC had failed to identify potential victims in its target class before filing its complaint").

Here, the EEOC has failed to specifically identify any alleged aggrieved victim for whom the EEOC could be entitled to relief.  Although the EEOC identifies two individuals – Erica O'Donnell ("O'Donnell") and Donna Orellana ("Orellana"), as the EEOC is aware, O'Donnell and Orellana, who were represented by private counsel, resolved all of their claims against Defendant in July 2020 and pursuant to a settlement agreement, O'Donnell and Orellana are precluded from continuing, assisting or participating in any lawsuit against Defendant and recovering any monetary damages from Defendant.  The EEOC's failure to identify in its Complaint any aggrieved individual warrants dismissal of the EEOC's Complaint.

Therefore, Defendant respectfully requests a pre-motion conference regarding its anticipated motion to dismiss pursuant to Rule 12(b)(6) based on the EEOC's failure to allege sufficient facts to state a plausible claim for relief under §706 of Title VII.

Eric N. Vitaliano, U.S.D.J.
United States District Court Eastern District of New York
August 2, 2021
P a g e | 3

                                                 **MILMAN LABUDA LAW GROUP PLLC**

                                                 _____/s_____
                                                 Jamie S. Felsen, Esq.
                                                 Kyle F. Monaghan, Esq.
                                                 3000 Marcus Avenue, Suite 3W8
                                                 Lake Success, NY 11042-1073
                                                 (516) 328-8899 (telephone)
                                                 (516) 328-0082 (facsimile)
                                                 jamiefelsen@mllaborlaw.com
                                                 kyle@mllaborlaw.com

cc:       All counsel of record (via ECF)