

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
General Office Phone: (212) 336-3620
Website: www.eeoc.gov

August 9, 2021

The Hon. Eric N. Vitaliano
United States District Court - EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    *U.S. EEOC v. Stardust Diners, Inc. d/b/a Colony Diner,*
                 Civil Action No. 20-CV-03122 (ENV) (ARL)

Dear Judge Vitaliano:

The U.S. EEOC writes in response to Defendant's letter requesting a pre-motion conference. The case law clearly supports both the EEOC's ability to bring its case against Stardust Diners, Inc. d/b/a Colony Diner ("Colony Diner") and the manner in which its Complaint was pleaded. Defendant seeks permission to file a motion to dismiss solely because EEOC did not identify harassment victims by name in the Complaint. There is no legitimate basis for Colony Diner's request for a pre-motion conference or the motion to dismiss it contemplates. Therefore, the EEOC respectfully asks that this Court deny Defendant's request for a pre-motion conference.

The EEOC's ability to bring this case against Colony Diner in which egregious sexual harassment is alleged does not rely on whether it names the aggrieved women in the Complaint. It has long been established that under Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), the EEOC may sue on behalf of one or more persons aggrieved by an unlawful employment practice. 42 U.S.C. § 2000e–5(f)(1); *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 324 (1980) ("the EEOC need look no further than § 706 for its authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals"). And when the EEOC files suit on behalf of a group of individuals subjected to illegal employment practices, courts have consistently held that aggrieved individuals need not be named in the Complaint. *See, e.g., EEOC v. U.S. Steel Corp.*, No. CIV.A. 10-1284, 2012 WL 3017869, at *10 (W.D. Pa. July 23, 2012) (holding that "EEOC's Amended Complaint does not improperly seek relief for a class of presently unidentified aggrieved employees."); *EEOC v. PMT Corp.*, 40 F.Supp. 3d 1122, 1129-30 (D. Minn. 2014); *EEOC v. Rosebud Rest., Inc.*, 85 F.Supp. 3d 1002, 1006 (N.D. Ill. 2015) (denying defendant's motion to dismiss and holding that the EEOC may proceed with its Section 706 claim alleging discrimination in hiring, despite that it had not named any individual applicant who had been rejected). There is no rationale, therefore, requiring that the EEOC identify aggrieved individuals by name. And Defendant has identified no Second Circuit precedent that demands it.

The pleading standard is met when the Complaint sufficiently describes the scope of the claim and provides defendant with fair notice of the allegations. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007); *PMT Corp.*, 40 F.Supp. 3d at 1129. Because the EEOC has sufficiently described the scope of the claim by identifying, for example, "the time period at issue, the alleged perpetrator of the discrimination and the alleged discriminatory conduct[,]" all pleading requirements have been met here. *Id.* at 1129-30 (denying defendant's motion to dismiss and finding that the EEOC's Complaint rose above "the speculative level as required by *Twombly* and *Iqbal* and [gave defendant] fair notice of the charges against it"). In paragraphs 14-25 of the EEOC's Complaint, the facts provided regarding the nature of the discrimination and harassment to which Defendant subjected female employees is more than sufficient to meet the pleading standard. ECF No. 1. The Complaint sets forth the time frame during which the alleged discrimination and harassment took place (since at least May 12, 2015), the location at which the alleged discrimination and harassment occurred (2019 Hempstead Turnpike in East Meadow, New York), a detailed description of the nature of the harassment and discrimination (paragraphs 20-25), the individuals who perpetrated the illegal activities and those who were subjected to them (female employees working as servers and hostesses). The EEOC's pleading more than meets the standards set forth in *Twombly* and *Iqbal*.

Furthermore, the Supreme Court's decision in *Mach Mining* provides crystal clear guidance that, prior to filing suit, the EEOC need only "communicate in some way (through 'conference, conciliation, and persuasion') about an 'alleged unlawful employment practice' in an 'endeavor' to achieve an employer's voluntary compliance." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 494 (2015) (quoting Title VII at § 2000e–5(b)). The decision goes on to explain that proper notice regarding the unlawful employment practice "describes both what the employer has done and which employees (*or what class of employees*) have suffered as a result." *Id.* (emphasis added). The Supreme Court decision in *Mach Mining* directly rebuts any assertion that the EEOC must name any aggrieved individual in its lawsuit. Instead, it endorses the argument that notification to an employer of the "class of employees" who have been subjected to the discrimination—rather than individually naming them—is sufficient.

The case law Defendant cites in support of its argument is inapposite. First, every case on which Defendant relies was decided prior to *Mach Mining*. Second, the portion of the 2012 *Bass Pro* decision to which Defendant cites holds that the EEOC did not sufficiently plead a pattern or practice claim under § 707 of Title VII. *EEOC v. Bass Pro Outdoor World, LLC*, 884 F.Supp. 2d 499, 513-18 (S.D. Tex. 2012), *rev'd on recons.*, 35 F.Supp. 3d 836 (S.D. Tex. 2014), *aff'd EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791 (5th Cir. 2016). Because the instant suit is brought under §706, it is wholly distinguishable. Further, *Bass Pro* does not address whether identifying aggrieved individuals by name determines whether the pleading requirement has been met. *Id.* Most notably—and not mentioned by Defendant here—is that the same court on reconsideration denied *Bass Pro's* motion to dismiss and *reversed its earlier decision* in concluding that the EEOC was not barred from bringing §706 claims on behalf of unidentified victims. *See Bass Pro Outdoor World, LLC*, 35 F.Supp. 3d at 865. This holding was later affirmed by the Fifth Circuit. *Bass Pro Outdoor World, LLC*, 826 F.3d at 799-800. Third, the *Bloomberg* and *Propak Logistics* decisions solely revolved around the question of whether the EEOC met its pre-litigation requirements and *not* whether its complaint was sufficiently pleaded and, therefore, do not support Defendant's argument. *See EEOC v. Bloomberg L.P.*, 967 F.Supp. 2d 802, 815 (S.D.N.Y. 2013); *EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 153-54 (4th Cir. 2014). Finally, these cases would certainly be decided differently today in light of the Supreme Court's *Mach Mining* decision (holding that the court may only review *whether* conciliation

efforts occurred and not their sufficiency) and the Second Circuit's decision in *Sterling Jewelers* (likewise holding that "courts may review *whether* the EEOC conducted an investigation, but not the sufficiency of an investigation."). *Mach Mining* at 494; *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96, 98 (2d Cir. 2015). Therefore, even if *Bloomberg* and *Propak Logistics* applied here, they can no longer be relied upon, post-*Mach Mining* and *Sterling Jewelers*.

The remaining cases Defendant cites hold that the EEOC's complaint was *sufficiently pleaded* where it named the Charging Party and described, but did not name, particular individuals belonging to a class of aggrieved employees. *EEOC v. 5042 Holdings Ltd.*, No. CIV. 3:09-CV-61, 2010 WL 148085, at *2 (N.D.W. Va. Jan. 11, 2010); *EEOC v. Man Mar, Inc.*, No. 09-60761-CIV, 2009 WL 3462217, at *2 (S.D. Fla. Oct. 22, 2009); *EEOC v. Fam. Dollar, Inc.*, No. 07 C 6996, 2008 WL 687284, at *3 (N.D. Ill. Mar. 12, 2008). Setting aside that the EEOC is unaware of any requirement that it even name a Charging Party in its pleadings, the fact is that, in addition to pleading adequate facts about the related class of aggrieved women, the EEOC *did* identify the two individuals who filed charges with EEOC and who were subjected to sexual harassment by name. Therefore, these three cases cited by Defendant in fact further support the EEOC's position that its Complaint was properly pleaded.

To the extent that Defendant means to suggest that the EEOC may not seek relief for a class of employees because the Charging Parties have settled their claims, courts have repeatedly and resoundingly rejected any such argument. *See, e.g., EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993) (charging party's settlement with employer does not necessarily end the investigatory and enforcement powers of the EEOC); *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 454 (5th Cir. 1975) (granting of charging party's motion for leave to dismiss action did not provide sufficient grounds for dismissal of action brought by EEOC); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir. 1975) (settlement of private suit by charging party did not preclude bringing of action by EEOC alleging discriminatory treatment of a class of employees and applicants); *EEOC v. Bay Ridge Toyota, Inc.*, 327 F.Supp. 2d 167, 174 (E.D.N.Y. 2004) (EEOC may seek injunctive relief even where the employee has settled with the employer); *EEOC v. Morgan Stanley & Co.*, 132 F. Supp. 2d 146, 152–53 (S.D.N.Y. 2000) ("As the EEOC correctly points out, if the EEOC were foreclosed from pursuing investigations whenever the charging party whose charge occasioned the inquiry wished to settle with his or her employer, employers would be able to forestall investigations into their employment practices by 'buying off' any victim who had the temerity to complain. Unsurprisingly, this is not the law."); *Cf. Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) ("arbitration agreements will not preclude the *EEOC* from bringing actions seeking class-wide and equitable relief").

Aggrieved women for whom the EEOC seeks relief in this action will be identified in the discovery process, including initial disclosures. No amendment identifying the names of aggrieved women in the Complaint is required by rule or law. Accordingly, the EEOC requests that the Court deny Defendant's request for a pre-motion conference because its Complaint is legally and factually sufficient.

Respectfully Submitted,

/s/ Kirsten Peters
Kirsten Peters
Trial Attorney

U.S. EEOC
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

Direct Dial: (929) 506-5325
Email: kirsten.peters@eeoc.gov